UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESTERN SURETY COMPANY, | Civil Action |
| Plaintiff, | **TRIAL BY JURY: [XX] NO** |
| | ECF CASE |
| -against- | CASE NO.: |
| JOLIE INTIMATES, INC.; CHARLES SARWAY A/K/A CHARLES R. SARWAY; and RALPH SUTTON, jointly and severally, | |
| Defendants. | **VERIFIED COMPLAINT** |

Plaintiff, WESTERN SURETY COMPANY, by and through his attorneys LAW OFFICES OF MICHAEL P. O'CONNOR (by Michael P. O'Connor, Esq.), hereby respectfully states and alleges as its complaint as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to **28 U.S.C. §1352** because this is an action involving a U.S. Customs bond for an Importer or Broker executed pursuant to **19 U.S.C.A. §1632 and 19 C.F.R. §113.62**, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to **28 U.S.C. §1332**.

### VENUE

2. Venue is proper in the Southern District of New York because the defendants have consented to the personal jurisdiction and venue of any local, state or federal Court having situs within the State of New York, and has also, upon information and belief, conducted business in the State of New York.

1

## THE PARTIES

3. At all times hereinafter mentioned, plaintiff, WESTERN SURETY COMPANY (hereinafter referred to as "WESTERN"), was and still is a corporation organized under the laws of the State of South Dakota and is licensed to do business in the State of New York as a surety. Plaintiff maintains corporate offices at 39 Broadway, Suite 620, New York, New York 10006.

4. Upon information and belief, defendant, JOLIE INTIMATES, INC.. (hereinafter referred to as "JOLIE"), is a New York corporation and maintains a principal place of business at 135 Madison Avenue – Suite 400, New York, NY 10016.

5. Upon information and belief, defendant, CHARLES SARWAY a/k/a CHARLES R. SARWAY (hereinafter "SARWAY") is a natural person domiciled at 135 Madison Avenue – 4TH Floor, New York, NY 10016.

6. Upon information and belief, defendant, RALPH SUTTON (hereinafter "SUTTON") is a natural person domiciled at 135 Madison Avenue – 4TH Floor, New York, NY 10016.

## AS AND FOR A FIRST CAUSE OF ACTION

7. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "5" of the Complaint with the same force and effect as though more fully set forth herein.

8. Upon information and belief, defendant, JOLIE, was, and at all times hereinafter mentioned, is an importer of ladies intimate apparel, subject to U.S. Customs taxes, duties, assessments and possible penalties.

9. Pursuant to 19 U.S.C. §1623, defendant, JOLIE, was required to furnish to the United States Customs Service a bond or bonds to guarantee the statutory and regulatory obligations of said defendant to the United States for imported merchandise.

10. On or about October 15, 2003, defendant, JOLIE, requested that plaintiff, WESTERN, post an International Carrier Bond on its behalf.

11. On October 20, 2003, the plaintiff, WESTERN, did execute and deliver to the United States of America, an Importer or Broker Bond (Bond #460398536) in the form prescribed by the United States of America, whereby the plaintiff bonded unto the United States the total sum of Three Hundred Thousand and 00/100 Dollars ($300,000.00), whereby the plaintiff agreed to guarantee the statutory and regulatory obligations of the defendant, JOLIE, to the United. The effective date of U.S. Customs Bond #460398536 is October 21, 2003. A copy of the U.S. Customs Bond is annexed hereto as **EXHIBIT "A"**.

12. On or about October 20, 2003, defendants, JOLIE, SARWAY, and SUTTON, in consideration of the contents of the aforementioned Importer or Broker Bond, made and delivered to the plaintiff written Agreements, copies of which are collectively annexed hereto as **EXHIBIT "B"**, whereby defendants agreed, jointly and individually, with the plaintiff that defendants would indemnify the plaintiff and hold the plaintiff harmless from any and all loss, damage, expense and attorney's fees which the plaintiff might sustain by reason of the executed and delivered bond provided to defendant, JOLIE, its subsidiaries, divisions and/or affiliated companies and "place the plaintiff in funds to meet all its liability under any bond, promptly upon request and before [plaintiff] may be required to make any payment thereunder".

13. On or about and between July 29, 1010 and September 23, 2010, the United States Customs Service issued formal Demands for Payment against plaintiff on behalf of defendant, JOLIE, in the total amount of $278,329.00 (Two Hundred Seventy-eight Thousand, Three Hundred Twenty-nine and 00/100 Dollars) with interest accruing.

14. Based upon the $300,000.00 (Three Hundred Thousand and 00/100 Dollars) total penal limit of the bond for each year, plaintiff has the potential liability of $300,000.00 (Three Hundred Thousand and 00/100 Dollars) on the U.S. Customs demands.

15. Pursuant to the terms of the aforementioned indemnity Agreements, defendants, JOLIE, SARWAY, and SUTTON, must place with plaintiff funds to meet any liability of the bonds and are further responsible for payment of any attorney's fees, costs, expenses and disbursements incurred by plaintiff in connection with this claim and this action.

16. Despite plaintiff's notification to the defendants of defendants' obligations to place plaintiff in funds under the aforementioned indemnity Agreements, defendants have refused to honor their obligations under the indemnity Agreements.

17. Plaintiff has fully complied with all the terms and provisions of the aforementioned indemnity Agreements.

18. Plaintiff has no adequate remedy at law.

19. Plaintiff, by this action, seeks specific performance of the indemnity Agreements.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "19" of the Complaint with the same force and effect as though more fully set forth herein.

21. Based upon defendants', JOLIE's, SARWAY's, and SUTTON's, refusal to comply with the terms of the aforementioned indemnity Agreements, plaintiff retained legal counsel to secure collateral security from defendants, and has been damaged in the sum of Four Thousand, Five Hundred and 00/100 Dollars ($4,500.00), with additional indebtedness being incurred as a result of this action.

22.     Pursuant to the aforementioned indemnity Agreements, defendants, JOLIE, SARWAY, and SUTTON, jointly and individually, are responsible for the payment to plaintiff of attorney's fees, costs and disbursements incurred by plaintiff in connection with the claim and this action.

23.     As a result of the foregoing, an in accordance with the terms of the aforementioned indemnity Agreements, defendants, JOLIE, SARWAY, and SUTTON, are liable to plaintiff, jointly and individually, in the amount of $4,500.00 (Four Thousand, Five Hundred and 00/100 Dollars) in attorney's fees, with additional fees being incurred as a result of this action.

**WHEREFORE**, plaintiff herein, WESTERN SURETY COMPANY, demands:

[A]     On the First Cause of Action against defendants, JOLIE INTIMATES, INC., CHARLES SARWAY a/k/a CHARLES R. SARWAY, and RALPH SUTTON a/k/a RALPH S. SUTTON, jointly and severally: a judgment ordering that defendants deposit with plaintiff funds in the amount of $300,000.00 (Three Hundred Thousand and 00/100 Dollars), to be held by plaintiff as collateral with the right to use such funds or any part thereof at any time in payment of compromise of any judgments, claims, liabilities, losses, damages, attorneys' fees and disbursements, and for other expenses assessed against plaintiff;

[C]     On the Second Cause of Action against defendants, JOLIE INTIMATES, INC., CHARLES SARWAY a/k/a CHARLES R. SARWAY, and RALPH SUTTON a/k/a RALPH S. SUTTON, jointly and severally: an amount to be determined by the Court for reasonable attorney's fees incurred in connection with the subject bonds, including but not limited to attorney's fees incurred in prosecuting this action; and,

[D]   Such other and further relief as this Court may deem just and proper.

Dated: New City, New York
       March  18 , 201_

_____
LAW OFFICES OF MICHAEL P. O'CONNOR
By: Michael P. O'Connor, Esq. (MO 1550)
10 Esquire Road – Suite 14
New City, NY  10956
(845) 638-1956
Attorney for plaintiff,
   WESTERN SURETY COMPANY

## VERIFICATION

LEE V. BARTHER, of full age, deposes and states that:

1. I am the Attorney-in-Fact for the plaintiff in the above captioned action.

2. I have read the annexed Complaint and know the contents thereof, and the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
LEE V. BARTHER

Sworn to before me this __18th__ day of ____March____, 2011.

_____
(Notary Public)

Elizabeth M Haskell
Notary Public
State of New Jersey
My Commission Expires 10-25-2015

7

# Western Surety Company

## POWER OF ATTORNEY APPOINTING INDIVIDUAL ATTORNEY-IN-FACT

Know All Men By These Presents, That WESTERN SURETY COMPANY, a South Dakota corporation, is a duly organized and existing corporation having its principal office in the City of Sioux Falls, and State of South Dakota, and that it does by virtue of the signature and seal herein affixed hereby make, constitute and appoint

**John J Sheppard, John K Daily, Bruce S Haskell, Lee V Barther, John J Sheppard II, Individually**

of Chester, NJ, its true and lawful Attorney(s)-in-Fact with full power and authority hereby conferred to sign, seal and execute for and on its behalf bonds, undertakings and other obligatory instruments of similar nature

### - In Unlimited Amounts -

and to bind it thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of the corporation and all the acts of said Attorney, pursuant to the authority hereby given, are hereby ratified and confirmed.

This Power of Attorney is made and executed pursuant to and by authority of the By-Law printed on the reverse hereof, duly adopted, as indicated, by the shareholders of the corporation.

In Witness Whereof, WESTERN SURETY COMPANY has caused these presents to be signed by its Senior Vice President and its corporate seal to be hereto affixed on this 26th day of July, 2007.

WESTERN SURETY COMPANY

Paul T. Bruflat, Senior Vice President

State of South Dakota } ss
County of Minnehaha }

On this 26th day of July, 2007, before me personally came Paul T. Bruflat, to me known, who, being by me duly sworn, did depose and say: that he resides in the City of Sioux Falls, State of South Dakota; that he is the Senior Vice President of WESTERN SURETY COMPANY described in and which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed pursuant to authority given by the Board of Directors of said corporation and that he signed his name thereto pursuant to like authority, and acknowledges same to be the act and deed of said corporation.

My commission expires

November 30, 2012



D. Krell, Notary Public

### CERTIFICATE

I, L. Nelson, Assistant Secretary of WESTERN SURETY COMPANY do hereby certify that the Power of Attorney hereinabove set forth is still in force, and further certify that the By-Law of the corporation printed on the reverse hereof is still in force. In testimony whereof I have hereunto subscribed my name and affixed the seal of the said corporation this ___22nd___ day of ___February___, ___2011___.

WESTERN SURETY COMPANY

L. Nelson, Assistant Secretary

Form F4280-09-06

**Authorizing By-Law**

## ADOPTED BY THE SHAREHOLDERS OF WESTERN SURETY COMPANY

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the shareholders of the Company.

Section 7. All bonds, policies, undertakings, Powers of Attorney, or other obligations of the corporation shall be executed in the corporate name of the Company by the President, Secretary, and Assistant Secretary, Treasurer, or any Vice President, or by such other officers as the Board of Directors may authorize. The President, any Vice President, Secretary, any Assistant Secretary, or the Treasurer may appoint Attorneys in Fact or agents who shall have authority to issue bonds, policies, or undertakings in the name of the Company. The corporate seal is not necessary for the validity of any bonds, policies, undertakings, Powers of Attorney or other obligations of the corporation. The signature of any such officer and the corporate seal may be printed by facsimile.